UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:21-CR-103 |
| v. | ) ) ) | **PLEA AGREEMENT** |
| CARL MURPHY, Also known as, P, Also known as, C-Note, | ) ) ) ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"), Defendant, CARL MURPHY, and Defendant's attorney, enter into this Plea Agreement.

### A. CHARGES

1. <u>Subject Offense</u>. Defendant will plead guilty to Count 1 of the Superseding Indictment, that is, Conspiracy to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846 and 841(b)(1)(B).

2. <u>No Charges to be Dismissed</u>. There are no charges to be dismissed.

### B. MAXIMUM PENALTIES

3. <u>Maximum and Mandatory Minimum Punishment</u>. Defendant understands that the crime to which Defendant is pleading guilty carries a mandatory minimum sentence of at least five (5) years in prison and a maximum sentence of forty (40) years in prison; a maximum fine of $5,000,000; and a term of supervised release of at least four (4) years up to life. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant understands that

1

the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e) or unless the Court finds that Defendant qualifies for safety valve under 18 U.S.C. § 3553(f). No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

4. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than three (3) years in prison, without any credit for time previously served.

5. <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

6. <u>Withdrawal of Section 851 Notice</u>. Defendant expressly acknowledges that, as a material condition of this Plea Agreement, the Government has agreed to withdraw the filing of an enhancement under Title 21, United States Code, Section 851 for one or more prior serious drug felony convictions, to wit, a conviction for Distribution of a Controlled Substance, in the Northern District of Illinois, Case No. 1:09-CR-928, for which Defendant served more than 12 months imprisonment and in which Defendant was released from any term of imprisonment within 15 years of the commencement of the instance offense.

## C.   NATURE OF THE OFFENSE – FACTUAL BASIS

7.   <u>Elements Understood</u>.   Defendant understands that to prove the offense alleged under **Count 1 (Conspiracy to Distribute a Controlled Substance)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) On or about the date charged, two or more persons reached an agreement or came to an understanding to distribute heroin and/or fentanyl;

(b) The defendant intentionally and voluntarily joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

(c) At the time the defendant joined the agreement, he knew the purpose of the agreement or understanding was to distribute heroin and/or fentanyl; and

(d) The agreement or understanding involved 40 grams or more of a mixture and substance containing fentanyl.

8.   <u>Factual Basis</u>.   As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a) From a date unknown, but by at least 2021, Defendant, CARL MURPHY, had an agreement or understanding with one or more persons, including Pierre BLACK, Deshawn GREER, Malek HOLMES, Desmond HOWARD, Derrick FLEMING, Tabaris BROWN, Gregory SPIGHT, among others, to distribute a controlled substance, which ultimately contained heroin and fentanyl mixture, in the Southern District of Iowa and elsewhere.

(b) Defendant voluntarily and intentionally joined in the agreement or understanding, knowing that its purpose was to distribute a controlled substance, which ultimately contained heroin and fentanyl mixture.

(c) The agreement or understanding involved 40 grams of more of a mixture and substance containing fentanyl. Specifically, as a part

3

of the ongoing conspiracy, Defendant was a source of supply of heroin/fentanyl mixture to BLACK, GREER, HOLMES, HOWARD, FLEMING, BROWN, and SPIGHT, among others. Coconspirators would travel to Defendant's residence in Markham, Illinois to purchase large quantities of heroin/fentanyl mixture from Defendant for the purpose of redistribution in the Southern District of Iowa and elsewhere.

9. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D. SENTENCING**

11. <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

    (a)    The nature of the offense to which Defendant is pleading guilty;

    (b)    The amount of money/quantity of drugs involved, with the parties agreeing that the offense involved at least 1.2 kilograms, but less than 4 kilograms, of a mixture and substance containing fentanyl, for a base offense level of 32, pursuant to United States Sentencing Guideline §2D1.1;

4

(c) Defendant's role in the offense, with the parties agreeing that Defendant was a manager or supervisor, for a two-level enhancement pursuant to United States Sentencing Guideline §3B1.1(c);

(d) Whether Defendant maintained his residence for the purpose of distributing the heroin/fentanyl mixture, with the parties agreeing a two-level enhancement pursuant to United States Sentencing Guideline §2D1.1(b)(12) applies;

(e) Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(f) The nature and extent of Defendant's criminal history (prior convictions); and

(g) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the

Government of Defendant's intent to plead guilty.

13. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Joint Sentencing Recommendation</u>. Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose a sentence between 168 and 210 months' imprisonment and will not advocate for a higher or lower sentence at the time of sentencing. The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the above stipulations, the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of Defendant, and other pertinent factors. Should the Court decline to impose this recommended sentence, Defendant may withdraw Defendant's plea of guilty and the case will then be set for trial; likewise, if the Court declines to impose the recommended sentence, the Government also may withdraw from this Plea Agreement and the case will be set for trial. In the event that the relevant advisory guidelines are amended and made retroactive under 18 U.S.C. § 3582(c)(2), Defendant waives any right to seek a sentencing reduction in exchange for this Rule 11(c)(1)(C) Plea Agreement.

**E. FINES AND COSTS**

17. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

18. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $100 at or before the time of sentencing, as required by 18 U.S.C. § 3013.

**F.  LIMITED SCOPE OF AGREEMENT**

19.  <u>Limited Scope of Agreement</u>.  This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

20.  <u>Agreement Limited to Southern District of Iowa</u>.  This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

**G.  WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

21.  <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

  (a)  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

  (b)  A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

  (c)  The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

  (d)  Confront and cross-examine adverse witnesses;

  (e)  Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel

        witnesses to testify on Defendant's behalf;

(f)     Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)     If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

22.   <u>Waiver of Appeal and Post-Conviction Review (Mutual)</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s), or to the Court's entry of judgment against Defendant. If the Court imposes the sentence recommended by the parties, Defendant and the Government also waive any and all rights to appeal Defendant's sentence. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

23.   <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)     Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the

9

        consequences of this plea, including the maximum penalties provided by law.

    (b)    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c)    No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d)    Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

24.    <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a)    Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b)    Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

    (c)    Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

25.    <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

26.    <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is

in keeping with the gravity of the offense and promotes respect for the law.

    27.    <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

    28.    <u>Consent to Proceed by Video Conferencing.</u> Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.    SIGNATURES

    29.    <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No promises have been made to me other than the promises in this Plea Agreement.  I have not been threatened in any way to get me to enter into this Plea Agreement.  I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.  I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty.  I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_5-16-22_  
Date

_Carl Murphy_  
Carl Murphy

30. <u>Defendant's Attorney</u>.  I have read this Plea Agreement and have discussed it in its entirety with my client.  There is no Plea Agreement other than the agreement set forth in this writing.  My client fully understands this Plea Agreement.  I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.  I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea.  I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_5-16-22_  
Date

_[signature]_  
Christine Branstad  
Attorney for Carl Murphy

31. <u>United States</u>. The Government agrees to the terms of this Plea Agreement.

|  |  |
|---|---|
|  | Richard D. Westphal<br>United States Attorney |
| 5/17/2022<br>Date | By: _____<br>Mallory E. Weiser<br>Assistant United States Attorney<br>U.S. Courthouse Annex, Suite 286<br>110 East Court Avenue<br>Des Moines, Iowa 50309<br>Telephone: 515-473-9300<br>Telefax: 515-473-9292<br>E-mail: mallory.weiser@usdoj.gov |