IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | Case No. 4:21-cr-103 |
| | * | |
| v. | * | |
| | * | |
| CARL MURPHY, | * | FINAL JURY |
| | * | INSTRUCTIONS |
| Defendant. | * | |

## TABLE OF CONTENTS

1.  Introduction
2.  Duty of Jury
3.  Definition of Evidence
4.  Description of Charge; Indictment not Evidence; Presumption of Innocence; Burden of Proof
5.  Elements of the Offense: Conspiracy to Distribute Heroin (Count One)
6.  Conspiracy Elements Explained
7.  Drug Quantity
8.  Definition of "From a Date Unknown but by at Least" and "Continuing Until"
9.  Proof of Intent or Knowledge
10. Defendant's Prior Conviction
11. Credibility of Witnesses
12. Cooperating Witness
13. Opinion Evidence - Expert Witness
14. Transcript of Recorded Conversation
15. Reasonable Doubt
16. Election of Foreperson; Duty to Deliberate; Punishment not a Factor; Communications with Court; Cautionary; Verdict Form

# FINAL JURY INSTRUCTION NO. 1
## INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others because all are important. This is true even though some of those I gave you at the beginning of the trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.

## FINAL JURY INSTRUCTION NO. 2
## DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

# FINAL JURY INSTRUCTION NO. 3
## DEFINITION OF EVIDENCE

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents, things stipulated to by the parties, and other things received as exhibits. You are advised that any item of evidence introduced during trial was lawfully obtained and may be considered by you.

Certain things are not evidence. I will list those things for you now:

First, statements, arguments, questions, and comments by attorneys representing the parties in the case are not evidence.

Second, objections are not evidence. Attorneys have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

Third, testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

Fourth, anything you saw or heard about this case outside the courtroom is not evidence, unless I specifically told you otherwise during the trial.

## FINAL JURY INSTRUCTION NO. 4
### DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF

The Indictment in this case charges the Defendant with Conspiracy to Distribute One Kilogram or More of a Mixture or Substance Containing Heroin.

The Indictment is simply the document that formally charges the Defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the Defendant to be innocent. Thus, the Defendant began the trial with a clean slate with no evidence against him.

The presumption of innocence alone is sufficient to find the Defendant not guilty and can be overcome only if the Government proved during the trial, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains upon the Government throughout the trial. Accordingly, the fact that the Defendant did not testify must not be considered by you in any way or even discussed in arriving at your verdict.

## FINAL JURY INSTRUCTION NO. 5
### ELEMENTS OF THE OFFENSE:
### CONSPIRACY TO DISTRIBUTE HEROIN (COUNT ONE)

The crime of Conspiracy to Distribute Heroin, as charged in Count One, has three essential elements:

*One,*  From a date unknown, but by at least 2019, and continuing until July 20, 2021, two or more persons reached an agreement or came to an understanding to distribute heroin;

*Two,*  The Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three,*  At the time the Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

If you find that the government has proven these three elements unanimously and beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime of Conspiracy to Distribute Heroin. Otherwise you must find the Defendant not guilty. Record your determination on the verdict form which will be submitted to you with these instructions.

A defendant guilty of conspiring to distribute heroin is responsible for:

*One,*  Any heroin that defendant actually distributed or agreed to distribute during the course of the conspiracy;

*Two,*  Any heroin that defendant personally used or acquired for personal use from a co-conspirator; and

*Three,*      Any heroin that defendant's fellow conspirators actually distributed or agreed to distribute during that conspiracy that was reasonably foreseeable as a necessary or natural consequence of the conspiracy.

You will see on the verdict form a question concerning the amount of heroin involved in the offense charged in Count One of the Indictment. You should consider the drug quantity question only if you have first found that the Government proved beyond a reasonable doubt that the Defendant was guilty of Conspiracy to Distribute Heroin, as charged in Count One. If you find the Defendant guilty of Count One, you will indicate the drug quantity for which you unanimously find the Government proved beyond a reasonable doubt  applicable to the Defendant by checking the appropriate blank on the verdict form.

# FINAL INSTRUCTION NO. 6
## CONSPIRACY ELEMENTS EXPLAINED

### *Conspiracy - Element One (Agreement and Understanding)*

Element One of a conspiracy, as noted in these Final Instructions, requires two or more people to reach an agreement to commit the crime of distribution of heroin.

For you to find that the Government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. The agreement between two or more people to commit the crime of conspiracy to distribute heroin does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of conspiracy to distribute heroin was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not have to join it at the same time.

You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement. A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

*Conspiracy - Element Two (Voluntary and Intentional Joining)*

Element Two requires that the Defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit a conspiracy to distribute heroin, you must next decide whether the Defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

In deciding whether two or more people reached an agreement to commit the crime of conspiracy to distribute heroin, you may consider acts and statements of each person alleged to be part of the agreement. In deciding whether the Defendant joined in the agreement, you may consider only the acts and statements of the Defendant.

A person joins an agreement to commit a conspiracy to distribute heroin by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of conspiracy to distribute heroin. It is not necessary for you to find that the Defendant knew all the details of the unlawful plan. It is not necessary for you to find that the Defendant reached an agreement with every person you determine was a participant in the agreement. Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no

knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member.

A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in the conspiracy.

You may find that the Defendant joined the agreement even if you find that the Defendant did not know all of the details of the agreement.

### *Conspiracy - Element Three (Knowledge of Purpose of Agreement)*

Element Three requires that the Defendant knew the purpose of the agreement at the time the Defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident.

It is seldom, if ever, possible to determine directly what was in the Defendant's mind. Thus, the Defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the Defendant and other alleged participants in the agreement to commit the crime of conspiracy to distribute heroin simply met,

discussed matters of common interest, acted in similar interest, acted in similar ways, or perhaps helped one another. The Defendant must have known of the existence and purpose of the agreement. Without such knowledge, the Defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

### *Co-Conspirator Acts and Statements*

If you determined that an agreement existed and the Defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the Defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the Defendant. This includes acts done or statements made before the Defendant joined the agreement, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

# FINAL JURY INSTRUCTION NO. 7
## QUANTITY DETERMINATION

You are instructed that one-eighth ounce contains 3.5 grams; one-quarter ounce contains 7.0 grams; one-half ounce contains 14 grams; one ounce contains 28.35 grams; one pound contains 16 ounces, or 453.5 grams; and one kilogram contains 1,000 grams.

You are instructed that heroin is a Schedule I controlled substance.

## FINAL JURY INSTRUCTION NO. 8
## DEFINITION OF "FROM A DATE UNKNOWN BUT BY AT LEAST" AND "CONTINUING UNTIL"

The Indictment charges that the offenses were committed "from a date unknown, but by at least" and "continuing until" certain dates. Although it is necessary for the Government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the Government to prove that the offenses were committed precisely on the dates charged.

## FINAL JURY INSTRUCTION NO. 9
## PROOF OF INTENT OR KNOWLEDGE

Intent or knowledge may be proved like anything else. You may consider statements made and acts done by the Defendant, and all facts and circumstances in evidence which may aid in the determination of the Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

# FINAL JURY INSTRUCTION NO. 10
## DEFENDANT'S PRIOR CONVICTION

You have heard evidence that the Defendant was convicted in 2011 of Distribution of a Controlled Substance. You heard this evidence for your consideration as it relates to the Defendant's knowledge, motive, and intent as to the offenses for which he is on trial. You may consider this evidence for this purpose only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it to help you decide the Defendant's knowledge, motive, and intent as to the offenses for which he is on trial. You should give it the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, you must disregard it.

Remember, even if you find that the Defendant may have committed a similar act in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed a similar act in the past. The Defendant is on trial only for the crime charged, and you may consider the evidence of prior acts only on the issues I have stated.

# FINAL JURY INSTRUCTION NO. 11
## CREDIBILITY OF WITNESSES

In deciding what the facts are, you will have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, the extent to which the testimony is consistent with other evidence that you believe, and anything else that will help you decide what testimony to believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear and see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the credibility of law enforcement officers in the same manner as you evaluate any other type of witness.

## FINAL INSTRUCTION NO. 12
### COOPERATING WITNESS

You have heard evidence that          has entered into a plea agreement with the Government. If the prosecutor handling this witness's case believes the witness has provided substantial assistance, that prosecutor can file a motion to reduce his sentence. If such a motion for reduction of sentence for substantial assistance is filed by the Government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

A judge may reduce a defendant's sentence for cooperation even without a motion from the prosecutor.

You may give this witness's testimony such weight as you think it deserves. Whether or not this witness's testimony may have been influenced by the witness's hope of receiving a reduced sentence is for you to decide.

# FINAL JURY INSTRUCTION NO. 13
## OPINION EVIDENCE - EXPERT WITNESS

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

## FINAL JURY INSTRUCTION NO. 14
## TRANSCRIPT OF RECORDED CONVERSATIONS

During this trial you saw transcripts of recorded conversations. Those transcripts undertook to identify the speakers engaged in the conversation. Those transcripts were for the limited purpose of helping you follow the conversations as you listened to the recordings and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.

# FINAL JURY INSTRUCTION NO. 15
## REASONABLE DOUBT

A reasonable doubt is a doubt based upon reason and common sense, and not doubt based upon speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

<u>FINAL JURY INSTRUCTION NO. 16</u>
ELECTION OF FOREPERSON; DUTY TO DELIBERATE;
PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT;
CAUTIONARY VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if the Defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fifth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in the case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and then each of the remaining jurors who deliberate will sign the form. The foreperson will then advise the Court Security Officer that you have reached a verdict and are ready to return to the courtroom.

Dated this 23rd day of August, 2022.

STEPHANIE M. ROSE, Chief Judge
U.S. DISTRICT COURT