UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARL MURPHY,<br>Also known as, P,<br>Also known as, C-Note,<br>　　　　Defendant. | NO. 4:21-cr-103<br><br>CERTIFICATION IN SUPPORT OF<br>AUTHENTICITY OF BUSINESS RECORDS<br>AND OTHER EVIDENCE |

　　　　Jamaal C. King, being duly sworn, based on information and belief, deposes and states:

1.　　I am a Supervisory Special Agent (SSA) with the Federal Bureau of Investigation (FBI), currently serving within the Telecommunications Intercept & Collection Technology Unit (TICTU), Operational Technology Division (OTD) in Quantico, Virginia. The TICTU is responsible for the development, deployment, and support of lawfully authorized wireline and wireless electronic surveillance capabilities. I hold a Master of Science in Information Systems and a Bachelor of Science in Computer Science, both from the University of Maryland Baltimore County.

2.　　I am filing this certification to satisfy Federal Rules of Evidence 902(11)[1] and 902(14).

3.　　The authorized surveillance in this case includes those collections performed through the assistance of a wireless telecommunications service provider (Provider) pursuant to the Communications Assistance for Law Enforcement Act (CALEA)[2]. CALEA requires providers to have the ability to perform electronic surveillance pursuant to a court order or other lawful

---

[1] "The reference to the 'certification requirements of Rule 902(11) or (12)' is only to the procedural requirements for a valid certification. There is no intent to require, or permit, a certification under this Rule to prove the requirements of Rule 803(6)." Fed. R. Evid. 902(14) Advisory Committee's note to 2017 amendment.
[2] 47 U.S.C. §§1001-1010 (1994).

GOVERNMENT
EXHIBIT
2

authorization. Under the CALEA model, the provider performs the authorized intercept while providing the communication to law enforcement for collection.

4. The FBI receives the authorized intercept from the provider over two separate channels. The Call Content Channel (CCC) delivers the audio related to an authorized phone call. The Call Data Channel (CDC) delivers the Pen Register and Trap and Trace (PRTT) data related to the authorized calls as well as other forms of data, such as Short Message Service (SMS) communications. The CCC and CDC are both received within the FBI's telephony collection system which is run and managed by the TICTU. The collection systems are physically located in areas within FBI field offices known as Central Monitoring Plants (CMPs). Access to CMPs is restricted to technical personnel who locally maintain the collection systems. Users of the collection system (also known as monitors) are granted access to review information in the collection system by technical personnel at the direction of the responsible Case Agent and do not have the ability to alter or manipulate the collected data.

5. At the termination of a phone call and upon the receipt of an SMS text message, the collected data is hashed and proprietary software is utilized to assign a unique digital signature to each call and text message. A hash is a mathematical function that provides a unique value for a given piece of data. The digital signature is an additional step employed by the telephony collection system to maintain the authenticity and integrity of the collected data. Altering any element of the CCC and CDC associated with a call would change the hash value associated with the call and the unique digital signature would not remain intact. A hash value is a number that is often represented as a sequence of characters and is produced by an algorithm based upon the digital contents of a drive, medium, or file. Similarly, altering any element of the CDC associated with a text message would change the hash value associated with the text and the

CM_000254

unique digital signature would also not remain intact.

6. I have been requested to verify the authenticity of wireless communications to be presented within the above captioned case. The TICTU's collection system was working as designed during the dates of collection in this case.

7. I have reviewed the data associated with all of the calls and text messages in this case. All of the digital signatures and hash values have been verified as being intact for the following telephone numbers: 515-238-8940, 515-305-5202, 515-344-0682, 515-661-0508, 773-595-1317, and 872-731-9239.

8. Therefore, the original sessions and the exhibits to be introduced are an exact match because the hash values match and the digital signatures are intact.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED: October 25, 2022.

*Jamaal C. King*
Jamaal C. King
Supervisory Special Agent, FBI