UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARL MURPHY,<br>Also known as, P,<br>Also known as, C-Note,<br>             Defendant. | NO. 4:21-cr-103 |

**CERTIFICATE OF AUTHENTICITY**
**PURSUANT TO FEDERAL RULES OF EVIDENCE 902(13) & 902(14)**

      I, Jamaal C. King, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this Certificate is true and correct.

      1.     I am a Supervisory Special Agent (SSA) with the Federal Bureau of Investigation (FBI), currently serving within the Telecommunications Intercept & Collection Technology Unit (TICTU), Operational Technology Division (OTD) in Quantico, Virginia. The TICTU is responsible for the development, deployment, and support of lawfully authorized wireline and wireless electronic surveillance capabilities. I hold a Master of Science in Information Systems and a Bachelor of Science in Computer Science, both from the University of Maryland Baltimore County.

      2.     I am a "qualified person" to authenticate the precision location data referenced in this Certificate by reason of my training and experience, as set forth in the *curriculum vitae*, resume, and/or other summary of my qualifications attached hereto and incorporated herein by


GOVERNMENT
EXHIBIT
4

reference. I am familiar with the electronic process of how the data referred in this Certificate was received, managed, and stored.

3. I have been requested to verify the authenticity of intercepted precision location, also referred to as GPS, data presented in the above-captioned matter.

4. The TICTU is responsible for the collection of precision location data. Precision location data refers to the approximate location of a cellular telephone and is represented in the form of a latitude, longitude, and confidence rating. The TICTU has pre-existing relationships with the wireless telecommunications service providers in this case for the delivery of precision location data responsive to a court-authorized order or by other lawful means. Upon being served with the court order, it is the provider which performs the interception and delivers the precision location data through the agreed-upon method to the FBI.

5. Upon receipt of the precision location data, the TICTU has an automated electronic process designed to produce an accurate, reliable result and during which the original precision location data received from the provider is not altered. During this electronic process, the original precision location data is hashed. A hash is a mathematical function that provides a unique value for a given piece of data. A hash value is a number that is often represented as a sequence of characters and is produced by an algorithm based upon the digital contents of a drive, medium, or file. Altering any element of the data would change the hash value associated with the data. TICTU's automated process ensures the data is hashed twice and checked against itself for purposes of authentication. The collected data is then pushed into a viewing platform for review by the case agent or their specified designee.

6. The presence of the data within the viewing platform is evidence of the automated electronic process successfully authenticating the data against itself. Based on my training, experience, and my regular use of the tools and methods described above, I know that the above

electronic process created true duplicates of the original precision location data received from the provider within the viewing platform in this case. Through the above-described automated electronic process, the hash values of the data within the viewing platform were identical to the original data received from the provider. I also know that the original precision location data was not altered during the electronic process discussed above.

7. Access to the precision location data within the viewing platform is for reviewing purposes only. Users are granted access to the viewing platform by technical personnel at the direction of the responsible Case Agent and do not have the ability to alter, manipulate, or delete the collected data.

8. I have reviewed the data associated with telephone numbers: 312-315-0985, 312-597-6892, 312-925-2350, 515-305-5202, 515-344-0682, 515-630-9746, 515-661-0508, 515-718-1489, 515-865-0380, 678-895-7132, 773-431-7214, 773-499-3366, 773-724-0140, 773-793-1794, and 872-731-9239. TICTU's collection system and viewing platform were working as designed during the dates of collection, and I am not aware of any issues which would have affected the collection or processing of the precision location data in this case.

9. I certify that the information referenced above was generated by an electronic process or system that produces an accurate result.

10. I further state that this Certification is intended to satisfy Rules 902(13) and 902(14) of the Federal Rules of Evidence.

EXECUTED: October 28, 2022.

*Jamaal C. King*
Jamaal C. King
Supervisory Special Agent, FBI