UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA | ) | CASE NO. 4:21-CR-00103 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S TRIAL BRIEF** |
| CARL MURPHY, | ) | |
| Defendant. | ) | |

COMES NOW the Defendant, Carl Murphy, by and through his attorney of record, and hereby submits the following trial brief.

I. Factual Setting

Mr. Murphy was charged in the second superseding indictment on July 19, 2022, with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846; 841(a)(1); 841(b)(1)(A). The indictment included a notice of prior conviction for Mr. Murphy. On October 12, 2022, a Notice Under Federal Rule 404(b) was filed giving notice the Government intended to prove one prior serious drug felony conviction under 21 U.S.C. § 851(a)(1).

It is anticipated the evidence will indicate Malek Holmes, Pierre Black, Deshawn Greer, Desmond Howard, Gregory Spight, Earl Clay III, Michael Byrd, Carl Murphy, Azim Abdul-Ahad, Ronald Harris, Deante Neely, Derrick Fleming, Dandre Cox, Patrick Staples, Tabaris Brown, Brandon Reed, Jason Beaman, Elijah Seymour, Felicia Olson, Sarah Hume, Andrew Price, Jamisha Canada, Tonie Canada, and Rickey'a Jackson and others were involved in the sale of controlled substance, to wit: heroin with a detectable amount of fentanyl. The Government's case in chief is anticipated to be historical testimony of these or other cooperating witnesses and intercepted communications.

In May 2020, an investigation by Mid-Iowa Narcotics Enforcement Taskforce (MINE) and the Federal Bureau of Investigation (FBI) began concerning heroin sales in the Des Moines area. Through investigative techniques including arresting low level users and converting them to government agents, surveillance and controlled buys, agents determined that the Drug Trafficking Organization (DTO)

1

distributed heroin/fentanyl throughout Des Moines to a large customer base. In the summer of 2020, pen register trap and trace orders were executed on three known drug trafficking organization phone numbers.

Based on interviews with heroin users after controlled buys with Holmes and others, law enforcement was informed that the DTO obtained their heroin/fentanyl from Chicago. Upon further investigation, they identified Carl Murphy as one of the DTO's possible sources of supply. Various individuals were shown visiting Carl Murphy's house. However, investigators did not consider that these individuals knew Murphy from their childhood. They reconnected with Murphy at the repass of Damien Murphy, Carl Murphy's son, in December 2019. The connection that some of these individuals had with Damien Murphy, aka Lil Ceno, prior to his passing was strong. One of the rap songs written and performed by Jack da Jrippa, AKA, Deshawn Greer entitled "Nation Babies" included a tribute to Damien Murphy. The music video and transcript will be offered into evidence.[1] The video contains Deshawn Greer, Malek Holmes, Pierre Black, Tabaris Brown, and Desmond Howard. These are all known members of the DTO in Des Moines.

Cameras were set up outside the residence of Carl Murphy located at 15731 Kedzie Avenue in Markham, Illinois on April 2, 2021. This camera was covertly installed on a telephone pole outside approximately 266 feet (about 87 yards) from Murphy's residence on a telephone pole approximately 35 feet high and remained up through at least July 20, 2021. For at least 3 months, these cameras recorded twenty-four hours a day, seven days a week. Murphy filed a Motion to Suppress Illegal Search on October 17, 2022 with an accompanying brief alleging that Murphy's Fourth and Fourteenth Amendment rights were violated by this pole camera. This motion was denied on October 31, 2022. Murphy will renew his

---

[1] The transcript is attached to this brief for review.

objections to this evidence coming in at trial.

Issues

A. Trial Matters

The parties will submit proposed instructions to the Court. With minor differences, the parties agree with the substantive content of the instructions.

Defendant requests production of all *Jencks* material, to the extent such statements are not previously provided. 18 U.S.C. § 3500.

There is a trial transcript from the first trial that took place August 22, 2022. Counsel intends to use this transcript for cross-examination and impeachment of Government witnesses.

Government cooperating witnesses have given statements that were recorded. Following directions from the Court at the last pretrial conference, the recording statements were turned over to Murphy's defense team. These audio recordings were immediately sent to Sarah Dittmer, certified court reporter. As of today's date, Counsel has not received all transcriptions of these recorded interviews. Once all have been received, Counsel will turn them over to the Government.

Should witnesses testify inconsistent with those previous statements, Counsel will refer to the transcribed prior statements and proffers and will point out to the Government and the Court the questions and answers that appear in those exhibits. It is anticipated the exhibit would not only be shown to the witness, but also given to the jury. The Rules of Evidence allow for this procedure.

Federal Rule of Evidence 613 provides:

a. Showing or disclosing the statement during examination. When examining a witness about the witness's prior statement, a party need not show it or disclose its contents to the witness. But the party must, on request, show it or disclose its contents to an adverse party's attorney.

b. Extrinsic evidence of a prior inconsistent statement. Extrinsic evidence of a witness's prior inconsistent statement is admissible

3

> only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires. This subdivision (b) does not apply to an opposing party's statement under rule 801(d)(2).

Fed. R. Evid. 613.

Rule 613 evidence must not be collateral and meet Rule 403 requirements. *United States v. Durham*, 470 F.3d 727, 732 (8th Cir. 2006). Extrinsic evidence of prior inconsistent statements is admissible under Rules 607 and 613(b), subject to the Rule 403 balancing test. *United States v. Demery*, 674 F.3d 776, 780 (8th Cir. 2011). It is anticipated, if such impeachment is needed, it will only be on matters of previous statements concerning the charged conspiracy and relevant to the pending charges.

Since the last pretrial conference on November 10, 2022, trial counsel has requested the following items from the Government for use during cross-examination for impeachment: Malek Holmes Linesheets and References (transcribed phone conversations by Malek Holmes over the course of the Title III Wiretap Surveillance) and the sealed pre-sentence investigation reports of Malek Holmes and Ronald Harris, and criminal histories of Malek Holmes and Ronald Harris. Concerning these criminal histories, the Government has informed trial counsel that they will be disclosed five days prior to trial.

B. Demonstrative Evidence

Counsel plans on utilizing bagged brown sugar to help the jury understand the size of the weighted packages of heroin that will be discussed throughout the case. Brown sugar is a similar texture to the heroin confiscated from Holmes and others when they were arrested on July 21, 2021. Plastic sandwich bags were used by the DTO to contain the various

weights of heroin that were bought and sold.

C. Witness for the Defense

Trial counsel attempted to subpoena Timothy Roberson, an inmate at Polk County Jail in Des Moines, Iowa. Roberson could have testified as a material witness to the incident alleged involving Murphy and alleged threats that were made to Malek Holmes in July 2022. Counsel was directed by this Court to file a UMS-285 form to have Roberson testify at trial due to Roberson being in US Marshal custody.

After consulting with the Clerk's office and the US Marshals, Counsel was directed to speak with the US Attorney's office. Trial counsel met with AUSA Weiser and Jennings to discuss this form. He was informed that the US Attorney's office does not hand out these forms, and that it would be best to try and contact Lucas Taylor, Roberson's attorney again. Counsel spoke with Lucas Taylor the same day and was informed that Taylor would meet with Roberson and get back to him about testifying.

On December 7, 2022, Lucas Taylor emailed AUSA Weiser and Counsel and notified them that "I doubt that my client would commit perjury. However, given the possibility of criminal charges and their possible impact on my client's sentence, I believe it is appropriate for him to exercise his right to remain silent and advise Mr. Roberson of the same. Mr. Roberson agrees with my advice and would assert his Fifth Amendment right to remain silent if compelled to testify."[2] On December 6th, the day prior, AUSA Weiser filed a motion to continue sentencing hearing in Timothy Roberson's federal case alleging "Defendant's trial testimony could amount to perjury and obstruction of justice."[3] Mr. Roberson's counsel "doubt[s] that [his] client would commit perjury," yet threats from the Government have made him wary of testifying to the interaction he witnessed between Malek Holmes and Carl Murphy in

---

[2] The entire email is attached to this brief.
[3] Motion to Continue Sentencing hearing filed in S. District of Iowa case number 4:22-CR-005, Dkt 92.

July 2022.

    This testimony is vital to refute the pending enhancements for intimidation of a witness against Murphy which will be addressed at trial by Malek Holmes.

D. Motions in Limine

    At the time of filing, there are motions in limine and related resistances filed by both parties. Those evidentiary issues are not reiterated here.

E. Trial Length.

    It is anticipated trial will last approximately four trial days to submission to the jury.

Dated this 30th day of December, 2022.

Respectfully submitted,

CARL MURPHY, Defendant,
By: /s/Brian S. Munnelly

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 30th day of December, 2022 I electronically filed the foregoing Trial Brief with the Clerk of the Court using CM/EFC system, which will send notification of such ruling to the other parties in this case.

/s/Brian S. Munnelly